UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

EDNA DUDLEY and ALTON DUDLEY,

    Plaintiffs,

v.                                      Case No.:  2:24-cv-574-SPC-KCD

AMERICAN ZURICH INSURANCE COMPANY,

    Defendant.
_____/

## **OPINION AND ORDER**

Before the Court is Plaintiffs Edna and Alton Dudley's Motion for Entitlement to Attorney's Fees and Costs Under Fla. Stat. § 627.428. (Doc. 39).[1] Defendant American Zurich Insurance Company responded (Doc. 40), making this matter ripe. For the reasons below, the motion is denied.

This is an insurance breach of contract case stemming from Hurricane Ian. Following the storm, Plaintiffs filed a claim with Defendant under a homeowner's insurance policy ("the Policy"). The parties agreed there was coverage but could not settle on the loss attributable to the storm. Plaintiffs then sued. (*See* Doc. 5).

---

[1] Unless otherwise indicated, all internal quotation marks, citations, and alterations have been omitted in this and later citations.

The case eventually went to appraisal. (Doc. 21). The parties executed an appraisal award, and Defendant has paid what it owed. (Doc. 40-8). While everyone agrees that the merits have been resolved (Doc. 23), there's a sticking point. Plaintiffs argue that Defendant's payment of the appraisal award is a confession of judgment under Fla. Stat. § 627.428, which triggers attorney's fees. (Doc. 39).

At the time relevant here, Florida law provided for an award of reasonable attorney's fees to an insured who obtained a "judgment or decree" against an insurer like Defendant. Fla. Stat. § 627.428(1).[2] An insured can recover attorney's fees under this statute even in the absence of a literal judgment or decree if he obtains "the functional equivalent of a confession of judgment or a verdict," such as an appraisal award that exceeds what the insurer would have otherwise paid. *Ivey v. Allstate Ins. Co.*, 774 So. 2d 679, 684 (Fla. 2000); *see also Lewis v. Universal Prop. & Cas. Ins. Co.*, 13 So. 3d 1079, 1081 (Fla. Dist. Ct. App. 2009). Section 627.428's duty to pay attorney's fees is substantive law, so the Court applies it in this diversity action. *See All Underwriters v. Weisberg*, 222 F.3d 1309, 1311–12 (11th Cir. 2000).

---

[2] Section 627.428 no longer allows attorney's fees in suits arising under residential or commercial property insurance policies. But the Court must apply the statute as it existed when the Policy was executed, and neither party argues otherwise. *See, e.g.*, *Baptist College of Fla., Inc. v. Church Mut. Ins. Co.*, No. 5:22-cv-158-MW/MJF, 2023 WL 4358785, at *6 (N.D. Fla. June 23, 2023).

Plaintiffs claim that the appraisal award triggers fee-shifting under § 627.428. They offer no other argument. (Doc. 39 at 2-3). But attorney's fees "are not a statutory right of the insured whenever a plaintiff sues an insurer and money is later paid." *Chateaubleau Villas Condo Assoc., Inc. v. Mt. Hawley Ins.*, No. 08-23180-CIV, 2010 WL 4923116, at *2 (S.D. Fla. July 7, 2010). Indeed, "not all post-suit payments by an insurer will constitute a confession of judgment" warranting a fee award. *Bryant v. GeoVera Specialty Ins. Co.*, 271 So. 3d 1013, 1019 (Fla. Dist. Ct. App. 2019). "It is only when the claims adjusting process breaks down and the parties are no longer working to resolve the claim within the contract, but are actually taking steps that breach the contract, that the insured may be entitled to an award of fees." *Hill v. State Farm Fla. Ins. Co.*, 35 So. 3d 956, 960 (Fla. Dist. Ct. App. 2010). "Stated another way, unless there has been a breakdown in the claims adjusting process or the insurer is taking an inordinate amount of time to complete the process, the insureds must let the process fully play out before filing suit." *Rutherford v. Scottsdale Ins. Co.*, No. 5:19-CV-372-TKW-MJF, 2021 WL 12133906, at *2 (N.D. Fla. June 15, 2021).

Plaintiffs have not shown (or even argued) that this lawsuit was the result of a breakdown in the claims process. (*See* Doc. 39). Absent such information, the Court cannot award fees under § 627.428. End of story. *See, e.g., LM Gen. Ins. Co. v. Blackwell*, No. 8:22-CV-1750-CPT, 2024 WL 1283694,

at *4 (M.D. Fla. Mar. 26, 2024) ("[A] party seeking to recoup attorney's fees under Florida law bears the burden of establishing its right to such an award."). So Plaintiffs' motion for attorney's fees is denied.

One more point. Because it is undisputed Defendant timely paid Plaintiffs the appraisal award (Doc. 23), there is no need to confirm the award or enter judgment. So this case is dismissed. *See Hoskins v. Kinsale Ins. Co.*, No. 3:20-CV-5909-TKW-ZCB, 2023 WL 6442618, at *4 (N.D. Fla. Sept. 8, 2023) (dismissing case where the appraisal award had been paid and the remaining issues rendered moot).

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion for Entitlement to Attorney's Fees and Costs Under Fla. Stat. § 627.428 (Doc. 39) is **DENIED**.

2. This case is **DISMISSED**. The Clerk is **DIRECTED** to deny any pending motions as moot, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on March 10, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

4